IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH MCKENNA & MICHELLE MCKENNA<br><br>v.<br><br>TOLL BROS., INC. et al. | CIVIL ACTION<br><br>NO. 14-6543 |
|---|---|

**MEMORANDUM RE PARTIAL MOTION TO DISMISS CLAIMS FOR RECKLESSNESS AND PUNITIVE DAMAGES**

**Baylson, J.**                                                                                                   **April 17, 2015**

In this personal injury diversity action, Defendant Toll Bros., Inc.,[1] moves to dismiss under Rule 12(b)(6) the recklessness and punitive damages claims of Plaintiffs Joseph and Michelle McKenna.  Defendant contends Plaintiffs' Amended Complaint fails to adequately allege that Defendant's conduct was sufficiently extreme or malicious to constitute recklessness and to support a claim for punitive damages.  The Court agrees with Defendant that Plaintiffs' Amended Complaint fails to plead sufficient facts to support claims of recklessness and for punitive damages, and will dismiss the recklessness and punitive damages claims without prejudice, with leave to amend.

**I. Facts and Procedural History**

Plaintiff Joseph McKenna, a New Jersey resident, alleges that he was injured on September 20, 2013, at a real estate development in Shrewsbury, New Jersey, owned, possessed, managed, operated and controlled by Defendant, a Pennsylvania corporation.  See ECF 10, Pls.' Am. Compl. ¶¶ 7-8.  At the time, Mr. McKenna was employed as a tractor-trailer driver for Defendant John Does and TQM Solutions, Inc.

---

[1] Defendant Toll Bros., Inc. is improperly identified in Plaintiffs' Complaint as Toll Integrated Systems, Inc.

1

On September 18, 2013, Plaintiffs allege that Mr. McKenna had attempted to deliver a certain French door to the development site. Id. ¶ 10. No workers were available to unload the door, and Mr. McKenna refused to unload it himself because "the workers at the site premises are supposed to be responsible for unloading the trailer." Id. ¶¶ 8, 10. At that time, Mr. McKenna and Defendant's site foreman agreed that Mr. McKenna would return on September 20 to deliver the door. Id. ¶ 10.

On September 20, Mr. McKenna returned to deliver the door, but Defendant's project manager informed him that the work was behind schedule and he would need to unload the door himself. Id. ¶ 9. Plaintiffs contend that "[a]lthough protocol required Defendants have staff available to receive deliveries, Defendants regularly forced and pressured Plaintiff and many others to carry heavy equipment in dangerous situations without required safety precautions." Id. ¶ 11. Plaintiffs allege that Mr. McKenna called his dispatcher, who said Mr. McKenna should unload the door or Defendant would not let him return. Id. ¶ 12.

Mr. McKenna and a day laborer, Defendant Robert Brooks, carried the door like a table-top over an area containing mud, direct, rocks, and a massive trench. Id. ¶ 13. Plaintiffs allege Mr. Brooks had no safety expertise or training. Id. Plaintiffs contend the trench had no caution tape, safety signs, or safety barriers. Id. ¶ 14. Plaintiffs further contend that Defendant's project manager did not provide Mr. McKenna with a hard hat, gloves, back support, or safety glasses, and he refused to personally assist Mr. McKenna and Mr. Brooks. Id. ¶¶ 15-16. Plaintiffs allege Mr. Brooks lost control of the door in the area of the trench, and Mr. McKenna slipped and caught the door before it hit the ground. Id. ¶¶ 17-18. Plaintiffs allege that when caching the door Mr. McKenna felt his right arm tear and suffered excruciating pain. Id. ¶ 19.

After Mr. McKenna was injured, he called his supervisor who told him that he needed to

drive approximately two hours to another of Defendant's construction sites to make another delivery or Defendant would be "very displeased." Id. ¶ 20. Under pressure from his supervisor, Mr. McKenna made the next delivery under extreme pain. Id.

Mr. McKenna underwent surgery around December 2013 for the injuries sustained in the incident, and he has been unable to work since the incident and has received ongoing workers compensation. Id. ¶¶ 21-22.

On November 13, 2014, Plaintiffs filed a complaint alleging negligent supervision and loss of consortium. On December 12, 2014, Defendant filed a motion to dismiss (ECF 6). On January 20, 2015, Plaintiffs filed an Amended Complaint (ECF 10). Defendant filed a partial motion to dismiss Plaintiffs' recklessness and punitive damages claims on February 3, 2015 (ECF 11). Plaintiffs filed a response on February 20, 2015 (ECF 12).

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although this is a diversity action, the Court need not determine whether Pennsylvania or New Jersey law applies because, under the laws of either state, Plaintiffs have failed to adequately allege that Defendant acted with actual malice, evil motive, or wanton and willful disregard as required for recklessness or punitive damages claims under Pennsylvania or New Jersey law.

Under Pennsylvania law, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Hutchinson ex. rel. Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005). Punitive damages should be awarded only where the defendant's conduct is "so outrageous as to demonstrate willful, wanton or reckless conduct." Id. To state a claim for punitive damages under Pennsylvania law, "[t]he pleadings must . . . allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others." Great West Life Assurance Co. v. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993) (citing McDaniel v. Merck, Sharp & Dohme, 533 A.2d 436, 447 (Pa. Super. Ct. 1987)).

Under New Jersey law, a plaintiff must prove "by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed." N.J. Stat. Ann. § 2A:15-5.12(a). The imposition of punitive damages is only warranted if the defendant's conduct was "wantonly reckless or malicious" and there was "intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another . . . . The key to the right to punitive damages is the wrongfulness of the intentional act." Pavlova v. Mint Mgmt. Corp., 868 A.2d 322, 326 (N.J. Super. Ct. App. Div. 2005) (quoting Nappe v. Anschelewitz, Barr, Ansell & Bonello, 477 A.2d 1224 (N.J. 1984)).

Viewing the allegations in the light most favorable to Plaintiffs, the Amended Complaint fails to adequately allege any facts that would show that Defendant's conduct encompassed the evil motive, actual malice, or wanton and willful disregard required for recklessness or punitive

4

damages claims under Pennsylvania or New Jersey law.  At most, Plaintiffs allege that Defendant was negligent in failing (i) to exercise due care; (ii) to have sufficient staff on hand such that Mr. McKenna was required to unload the French door; (iii) to provide Mr. McKenna with appropriate safety equipment; (iv) to train, supervise, or investigate the background of Mr. Brooks; and (v) to adequately alert Mr. McKenna to the presence of the trench at the construction site.  There are no allegations in the Amended Complaint that Defendant acted with actual malice, a culpable mental state, recklessness, or wanton or willful disregard of Mr. McKenna.

Because Plaintiffs have failed to adequately allege any facts that could state recklessness or punitive damages claims under Pennsylvania or New Jersey law, Plaintiffs' recklessness and punitive damages claims will be dismissed.

### III. Conclusion

Plaintiffs have failed to allege sufficient facts under Fed. R. Civ. P. 12(b)(6) to show that Defendant acted with actual malice or wanton and willful disregard as required to state recklessness or punitive damages claims under Pennsylvania or New Jersey law.  Accordingly, Plaintiffs' recklessness and punitive damages claims will be dismissed without prejudice, with leave to amend.

An appropriate Order follows.

O:\CIVIL 14\14-6543 mckenna v. toll\Memorandum.MTD.4.17.15.docx